IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-10-11-D |
| | ) | (No. CIV-13-160-D) |
| WALLACE LAVERNE LAWRENCE, III, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The matter before the Court is Defendant Wallace L. Lawrence, III's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 240]. The government opposes the Motion on grounds that the only claims properly presented (alleging ineffective assistance of counsel) lack merit, and other claims are procedurally barred. Defendant has filed a reply brief, responding to factual arguments in the government's brief and repeating his request for an evidentiary hearing to develop his claims. The Court finds no hearing is needed because Defendant fails to allege facts that would entitle him to relief.[1]

**A.    Factual and Procedural Background**

On May 18, 2010, a jury convicted Mr. Lawrence and co-defendant Carri O. Adams of seven counts of wire fraud in violation of 18 U.S.C. § 1343. Mr. Lawrence also was convicted of two counts of access device fraud and one count of aggravated identity theft in

---

[1] "[A] petitioner is entitled to an evidentiary hearing on the issue of ineffective counsel so long as his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." *Young v. Sirmons*, 486 F.3d 655, 679 (10th Cir. 2007) (internal quotation omitted); *see United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996); 28 U.S.C. § 2255(b) (mandating a prompt hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

violation of 18 U.S.C. §§ 1028(a)(7), 1029(a)(2), and § 1028A(a)(1), respectively.  On November 2, 2010, the Court imposed a 94-month prison sentence, consisting of concurrent 70-month terms of imprisonment for wire fraud, concurrent 60-month and 24-month terms for access device fraud, and a consecutive 24-month term for aggravated identify theft.[2]

Regarding Mr. Lawrence's legal representation, the record shows his retained counsel, David R. Slane, was permitted to withdraw approximately one month before the April 2010 trial setting after a hearing regarding Mr. Lawrence's dissatisfaction with the representation.[3] The Court appointed substitute counsel, William Campbell, who promptly requested a continuance of the trial setting and the deadline for filing motions.  The request was granted, and the case was continued to the May 2010 jury trial docket.  Mr. Campbell then made numerous pretrial filings, including objections to the government's notice of proposed Rule 404(b) evidence and a motion in limine.  The Rule 404(b) objections were sustained, and the motion in limine was granted.  *See* 5/7/10 Order [Doc. No. 125]; 5/10/10 Order [Doc. No. 127].  Mr. Campbell attended two pretrial conferences held in the case, in which he participated in meaningful discussions of various evidentiary issues and trial matters, and represented Mr. Lawrence during a pretrial *James*[4] hearing to determine the admissibility of certain out-of-court statements.  Approximately one month before the May 2010 trial setting,

---

[2] The statute of conviction mandates a consecutive sentence "to a term of imprisonment of 2 years." *See* 18 U.S.C. § 1028A(a)(1).

[3] At arraignment and a preliminary hearing, Mr. Lawrence was represented by an assistant federal public defender who withdrew after retained counsel appeared.  Also at arraignment, the case was set on the March 2010 jury trial docket, but the trial was continued to April 2010 upon an unopposed motion.

[4] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

the Court denied a motion to permit Mr. Campbell to withdraw, after conducting a hearing regarding Mr. Lawrence's dissatisfaction with this representation. The Court expressly determined that the nature of the alleged conflict between Mr. Lawrence and Mr. Campbell amounted to a disagreement regarding strategy, and did not warrant a substitution of counsel. *See* 4/15/10 Order [Doc. No. 88]. Mr. Campbell then proceeded to ably represent Mr. Lawrence over the course of a seven-day jury trial.

Mr. Lawrence was represented on direct appeal by another appointed attorney. The Tenth Circuit found "no merit" in Mr. Lawrence's arguments on appeal, "challenging the sufficiency of the evidence to support his conviction on the wire fraud and identity theft counts . . . , and objecting to the use of sentence enhancements for obstruction of justice and being a leader or organizer." *See United States v. Lawrence*, 449 F. App'x 713, 715 (10th Cir. 2011). Regarding evidence of guilt, the court observed that "Lawrence does not (and realistically could not) challenge the sufficiency of the evidence establishing his criminal responsibility in the scheme" to defraud the victims of his wire fraud offenses, and that "[h]is challenge is limited specifically to the proof tying him to the interstate communications" used to solicit victims by posting internet ads on www.craigslist.com. *See id*. at 716. Because the wire fraud and identify theft counts of the Indictment charged Mr. Lawrence alternatively under an aiding and abetting theory, and because there was sufficient evidence "to place aiding and abetting responsibility onto Lawrence for the ads in question," the court of appeals rejected Mr. Lawrence's challenge to his conviction. *See id*. at 717. Regarding his sentence, the court of appeals had "no hesitation in affirming the district court's imposition

3

of the leader or organizer enhancement" under the Sentencing Guidelines, and found this Court's assessment of a recorded telephone conversation used to impose an enhancement for obstruction of justice was "certainly a plausible, if not compelling, interpretation of the conversation." *See id*. at 718, 719. Therefore, the court of appeals affirmed Mr. Lawrence's conviction and sentence.

B.     **Defendant's Motion**

Liberally construing the Motion in light of Defendant's *pro se* status, Mr. Lawrence asserts four claims: 1) ineffective assistance of trial counsel in the refusal to investigate and call witnesses he requested, and to advocate more zealously a defense of mistaken identity and perjury by co-defendant Sandra Acuna. Mr. Lawrence contends one of the fictitious names used in the fraud scheme, Marcus Chandler, was an alias of Ms. Acuna's boyfriend, Nate Jones, who was the real "mastermind" (*see* Def.'s Mem. [Doc. No. 241], p.4;[5] 2) sentencing error by the Court in applying the leader or organizer enhancement; 3) sentencing error by the Court in applying the obstruction of justice enhancement; and 4) ineffective assistance of trial and appellate counsel in failing to challenge a sentencing error in the calculation of Mr. Lawrence's criminal history score, resulting in an incorrect sentencing guideline range of imprisonment.

Mr. Lawrence's second and third claims re-urge arguments presented by his appellate counsel. The law is clear that § 2255 is not available to revisit issues previously decided on

---

[5] Citations to Mr. Lawrence's briefs utilize page numbers assigned by the Court's CM/ECF system.

direct appeal. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).[6] The fourth claim is based on a misunderstanding of the proper application of § 4A1.2 of the Sentencing Guidelines. Mr. Lawrence's criminal history score was calculated based on an assessment of points for multiple prior convictions only where sentences were imposed on different days or there was an intervening arrest, as explained in the government's response brief and shown by the presentence report. *See* Govt's Resp. Br. [Doc. No. 249], pp.18-20 & App.1 [Doc. No. 250] (sealed). Thus, the Court proceeds to consider only Mr. Lawrence's first claim regarding ineffective assistance of trial counsel, which is properly raised under § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).[7]

**C.     Discussion**

The standard of decision governing this claim is well established:

> Ineffective assistance of counsel claims are . . . guided by the now familiar *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this test, a petitioner must show that "his trial counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir.1993) (*quoting Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

---

[6] This Court found that the sentencing enhancement for being a leader or organizer applied based on the trial testimony of witnesses who took direction from Mr. Lawrence personally and knew him to use multiple aliases, including Marcus Chandler. Mr. Lawrence's current attack on the credibility of these witnesses is unpersuasive and would not affect this finding, even were the Court to revisit the enhancement.

[7] Because Mr. Lawrence's claim of attorney error regarding his criminal history score rests on a mistaken view of the Sentencing Guidelines, counsel did not act unreasonably by failing to assert his view. And the objection, even if sustained, would not have lowered his criminal history category. Therefore, Mr. Lawrence cannot prevail on an ineffective assistance claim related to his advisory guideline range.

5

*United States v. Mora*, 293 F.3d 1213, 1217 (10th Cir. 2002); *see Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The "two prongs [of *Strickland*] may be addressed in any order, and failure to satisfy either is dispositive." *Littlejohn v. Trammell*, 704 F.3d 817, 859 (10th Cir. 2013) (internal quotation omitted); *see Fields v. Gibson*, 277 F.3d 1203, 1216 (10th Cir. 2002) (same); *see also Strickland*, 466 U.S. at 697; *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) ("ineffective assistance claim may be resolved on either performance or prejudice grounds alone") (internal quotation omitted).

To establish prejudice under the circumstances of this case, Mr. Lawrence must show "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. In assessing prejudice, the Court "looks at the totality of the evidence, not just the evidence helpful to the petitioner." *See Moore v. Gibson*, 195 F.3d 1152, 1178 (10th Cir. 1999); *see also Strickland*, 466 U.S. at 695; *Hooks v. Workman*, 689 F.3d 1148, 1200 (10th Cir. 2012).

Upon consideration of Mr. Lawrence's allegations and arguments in support of his claim of ineffective assistance based on Mr. Campbell's failure to call potential witnesses and to attack more vigorously Ms. Acuna's credibility, the Court finds that this claim is refuted by the record. Mr. Lawrence may have disagreed with Mr. Campbell's trial strategy or requested a different presentation of evidence. However, the point Mr. Lawrence wishes

Mr. Campbell had made more forcefully, with support from additional witnesses called by the defense, was actually presented at trial.[8]

Three female participants in the fraud scheme – Ms. Acuna, Ms. Adams, and cooperating witness Carrie DeLaPorte – testified at trial and were cross-examined regarding the identity of the male participant who coordinated the scheme and served as a contact for victims responding to solicitations. Ms. Acuna and Ms. DeLaPorte identified Mr. Lawrence; Ms. Adams testified she took direction from "Marcus Chandler," a man with whom she communicated by text messages and never met.[9] Ms. Acuna was questioned at length about her relationship with Nate Jones and his possible involvement in the scheme. However, numerous victims identified Mr. Lawrence as the person with whom they interacted by telephone and in person using various aliases (*see*, *e.g.*, Trial Tr. 106-09, 212-17, 530-34), and "a half dozen" victims responded to an investigative news report on a local television station after they recognized a photograph of Mr. Lawrence. *Id.* 41-43. The credibility of witnesses was a matter solely within the province of the jury. Regardless whether "Marcus Chandler" was shown to be another male participant, the jury still could have found that Mr. Lawrence played a key role in the fraud scheme.

---

[8] Although the government provided with its response brief only excerpts of the trial transcript, the entire transcript was prepared and filed of record for the direct appeal. The Court has reviewed all pages containing cross-examination of the government's key witnesses, regardless whether they were included in the government's response. Some impeachment issues now argued by Mr. Lawrence in his opening and reply briefs were raised by Mr. Campbell and some were raised by the attorney for Ms. Adams.

[9] Both Ms. DeLaPorte and Ms. Adams testified that they were unaware of the fraudulent nature of the scheme.

Further, Mr. Lawrence fails to allege sufficient facts to establish prejudice from counsel's failure to call his proposed witnesses. The evidence of Mr. Lawrence's guilt of the offenses charged in the Indictment was plainly "ample" (*Lawrence*, 449 F. App'x at 715, 717), and in the Court's view, overwhelming. To establish wire fraud, the government was not required to prove Mr. Lawrence devised the alleged scheme to defraud; it needed to establish the scheme existed and he willfully participated in it. *See United States v. Kalu*, 791 F.3d 1194, 1206 (10th Cir. 2015); *United States v. Prows*, 118 F.3d 686, 692 (10th Cir. 1997). Similarly, because Mr. Lawrence was charged in all counts of the Indictment with aiding and abetting the alleged offenses, the government was not required to prove he personally committed the acts charged. *See Lawrence*, 449 F. App'x at 716-17. Mr. Lawrence admits in his briefs he was a participant in the fraud scheme; he merely argues he was not the organizer or leader.[10] But establishing that someone other than Mr. Lawrence was the "mastermind" would not undermine the jury's guilty verdict on any count of the Indictment.[11]

---

[10] *See* Mem. Supp. Def.'s Mot. [Doc. No. 241], p.9 ("Petitioner is in no way, making light of his participation, but instead seeks to be held accountable for his own personal actions and role in these offenses." . . . "Lawrence, as well as others, were under direction of another, and all [were] directed to drop the money they collected in the mailbox of a home where they never met face to face with any individual."); Def.'s Reply Br. (captioned, "Motion in Traverse") [Doc. No. 255], p.2 ("several people did indeed meet victims to pick up payments such as . . . Lawrence"), p.3 ("Acuna and Jones formulated a plan to point everything to Adams and Lawrence and . . . to make it look like they were more involved in the overall operation than they were"), p.4 ("Lawrence did participate in picking up payments, but in no way was he the main primary person involved in this scheme.").

[11] Notably, Mr. Lawrence changes position in his reply brief to argue that Ms. Acuna was the "mastermind" who "create[d] the scam, recruit[ed] others . . . [and] used Lawrence, Jones and DeLaPorte to help her create and run the scheme." *See* Def's Reply Br. [Doc. No. 255], pp.3,4.

Distilled to its essence, Mr. Lawrence's ineffective assistance claim is based on a speculative belief that Mr. Campbell could have attacked Ms. Acuna's testimony more effectively if he had called witnesses who might have incriminated her boyfriend, Nate Jones, by identifying him as "Marcus Chandler." But Mr. Lawrence presents nothing more than a bare assertion – unsupported even by an affidavit of his own – that Mr. Campbell failed to investigate the potential witnesses listed in his Motion and that these witnesses would have discredited Ms. Acuna and other witnesses if they had testified. Mr. Lawrence's allegation is inherently unbelievable with regard to his request to subpoena Mr. Jones, who could not be expected to incriminate himself or to waive his Fifth Amendment right not to testify. In light of the totality of the trial evidence, the Court finds that Mr. Lawrence fails to present sufficient allegations to undermine confidence in the jury's guilty verdict.

In summary, the defense that Mr. Lawrence believes was not effectively advocated by Mr. Campbell was actually raised and the credibility questions presented were decided adversely to Mr. Lawrence by a jury of his peers. The Court is confident that the presentation of the additional witnesses allegedly requested by Mr. Lawrence would not have affected the outcome of the trial. Therefore, the Court finds that Mr. Lawrence's claim of ineffective assistance of trial counsel lacks merit.

**D.     Conclusion**

For the above reasons, the Court finds that Mr. Lawrence's § 2255 Motion presents no valid basis for relief from his conviction or sentence.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S. C. §2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 240] is DENIED. Judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is denied, and the denial shall be included in the judgment.

IT IS SO ORDERED this 2nd day of March, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE